UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
INTER-ELTRA INTERNATIONAL GMBH,

          Plaintiff,

-v-

BELINDA BLUE OCEAN INC. and
BLUE FLEET MANAGEMENT CO. LTD.,

          Defendants.
------------------------------------------------------------x

JUDGE HAIGHT

07 CIV 9500

**VERIFIED COMPLAINT**



RECEIVED OCT 24 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, INTER-ELTRA INTERNATIONAL GMBH, (hereinafter "INTER-ELTRA"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, BELINDA BLUE OCEAN INC., (hereinafter "BELINDA"), and BLUE FLEET MANAGEMENT CO. LTD., (hereinafter "BLUE"), alleges upon information and belief as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

2. At all times material hereto, Plaintiff, INTER-ELTRA, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Holstenwall 13, 20355 Hamburg, Germany.

3. At all times material hereto, Defendant, BELINDA, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business in North Korea.

4. At all times material hereto, Defendant BLUE, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 98 Doiranis Street, Kallithea, Athens, Greece.

## FACTS AND CLAIM

5. BELINDA, as owner of the M/V LADY BELINDA, and BLUE, as agent for owner, and INTER-ELTRA, as charterer, entered into a voyage charter party agreement dated August 4, 2006, for the carriage of a full and complete cargo of barley in bulk, from Ilyichevsk, Ukraine to Benghazi and Misurata, Libya.

6. This voyage charter party, memorialized on a GENCON 94 charter party form, is a maritime contract.

7. Despite defendant BELINDA's obligation under the voyage charter party agreement to provide the M/V LADY BELINDA for loading of the barley cargo at Ilyichevsk, Ukraine, BELINDA, in breach of the terms of this agreement, failed to present the M/V LADY BELINDA for loading.

8. Pursuant to the terms of the voyage charter party agreement, plaintiff, INTER-ELTRA would have paid defendant, BELINDA, US$20.00 per metric ton of loaded cargo. However, as a result of defendant, BELINDA's breach of the agreement, plaintiff, INTER-ELTRA, was forced to find a replacement vessel at a rate of US$21.00 per metric ton of cargo loaded.

9. The quantity of cargo loaded onboard the replacement vessel was 14,666.74 metric tons. Therefore, plaintiff, INTER-ELTRA suffered breach of contract damages in the amount of US$14,666.74.

10. Pursuant to the terms of the voyage charter-party, all disputes arising there under are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$20,000.

11. Therefore, INTER-ELTRA's total claim against defendant, BELINDA, is US$34,466.74.

12. Despite INTER-ELTRA's repeated demands for payment of its damages, Defendant BELINDA, has failed, neglected and/or otherwise refused to pay INTER-ELTRA the sum due and owing INTER-ELTRA.

13. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant BELINDA and Defendant BLUE, that no separation exists between them and the corporate form of Defendant BELINDA has been disregarded such that Defendant BELINDA primarily transacted the business of Defendant BLUE.

14. Upon information and belief, at all material times, Defendant BLUE, operated in the name of Defendant BELINDA, such that Defendant BLUE was the beneficial owner of BELINDA.

15. Upon information and belief, BELINDA holds itself out as one of BLUE's entities within the BLUE network.

16. Upon information and belief, BELINDA is one of several entities which are operated, controlled and managed as a single economic enterprise known as BLUE.

17. Upon information and belief, among the entities which comprise the BLUE network, including BELINDA, there is a commonality of control and management centered with BLUE, and an overlap of officers, directors and employees.

18. Upon information and belief, at all material times, Defendant BELINDA and Defendant BLUE, have overlapping ownership, management, personnel and purposes such that Defendant BELINDA and Defendant BLUE did not operate at arms length.

19. Upon information and belief, at all material times, Defendant BELINDA and Defendant BLUE, have had common addresses, common contact information such that the Defendant BELINDA had no independent corporate identity from the Defendant BLUE.

20. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant BELINDA and Defendant BLUE.

21. Upon information and belief, at all material times, Defendant BLUE has dominated, controlled and used the Defendant BELINDA for its own purposes such that there is no meaningful difference between the entities.

22. Upon information and belief, at all material times, Defendant BLUE has disregarded the corporate form of Defendant BELINDA to the extent that Defendant BLUE, was actually carrying on BELINDA's business and operations as if the same were its own, or vice versa.

23. Upon information and belief, Defendant BELINDA utilizes Defendant BLUE, to transfer funds through, to and from the Southern District of New York on its behalf.

24. Upon information and belief, there are reasonable grounds to conclude that Defendant BLUE is the alter-ego of Defendant BELINDA and, therefore, Plaintiff INTER-ELTRA has a valid prima facie *in personam* claim against Defendant BLUE based upon alter ego liability.

## BASIS FOR ATTACHMENT

25. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

26. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, BELINDA and BLUE, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America,

5

Bank of China, Bank of New York, Bank of Tokyo-Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, N.A., Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks, financial institutions or other entities located in New York.

WHEREFORE, Plaintiff prays:

A.   That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.   That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $68,933.48 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
      October 24, 2007

                                      CHALOS, O'CONNOR & DUFFY, L.L.P.
                                      Attorneys for Plaintiff
                                      INTER-ELTRA INTERNATIONAL GMBH

By: _____
            George M. Chalos (GC-8693)
            366 Main Street
            Port Washington, New York 11050
            Tel: (516) 767-3600
            Fax: (516) 767-3605
            Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INTER-ELTRA INTERNATIONAL GMBH,

                          Plaintiff,                07 CV

-v-

                                             **VERIFICATION OF**
                                             **COMPLAINT**

BELINDA BLUE OCEAN INC. and
BLUE FLEET MANAGEMENT CO. LTD.,

                          Defendants.
-----------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

        1.    I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, INTER-ELTRA INTERNATIONAL GMBH, herein;

        2.    I have read the foregoing Verified Complaint and know the contents thereof; and

        3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
October 24, 2007

<div style="margin-left:40%">
CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
INTER-ELTRA INTERNATIONAL GMBH

By:   _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com
</div>